UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES EDWARD HARDING, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | 1:99-cr-00110-LSC-TMP |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OF OPINION AND ORDER

This cause is before the Court on the *pro se* pleading of defendant James Edward Harding, namely a "Motion to Vacate the 21 U.S.C.S. § 851 Sentence Enhancement Nunc Pro Tunc." (Doc. 119.) For the reasons contained herein, the motion is due to be denied.

I.     Background

Harding was charged in two counts of a five count indictment[1] with violation of 18 U.S.C. § 1791 and 21 U.S.C. § 841(a). Count 3 of the indictment charged that, on March 28, 1998, Harding "being an inmate of the Federal Correctional Institution of Talladega, Alabama, a prison, did attempt to obtain and did possess a prohibited

---

[1] A co-defendant, Gregory Harding, was charged alone in Counts 1 and 2, while Count 5 was dismissed on the Government's motion.

object containing marijuana, a controlled substance, in violation of Title 21, United States Code, Section 1791(a)(2)." Count 4 of the indictment charged that, on March 28, 1998, Harding "knowingly and intentionally, did possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)." Following a jury trial, Harding was convicted and sentenced on September 1, 1999, to 60 months' incarceration on Count 3 and 100 months' incarceration on Count 4, concurrently with one another, but consecutive to the sentence Harding was serving at the time the convictions occurred. The Eleventh Circuit Court of Appeals affirmed the convictions and sentence on April 21, 2000, issuing its mandate on May 25, 2000.

On September 21, 2000, Harding filed a motion asserting that the indictment under which he had been convicted must be dismissed pursuant to the authority of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the indictment failed to specify with precision the *amount* of marijuana he was alleged to possess for distribution. (Doc. 85.) The court treated the motion as one pursuant to 28 U.S.C. § 2255 and denied it on its merits on December 12, 2001. (Doc. 97). Harding attempted to appeal the ruling denying him relief but was denied a Certificate of Appealability by the Eleventh Circuit Court of Appeals. (Doc. 109).

On August 1, 2005, Harding filed another post-conviction motion attacking his convictions and sentence, which the court also construed as a § 2255 motion and dismissed without prejudice as being an unauthorized successive petition. On October 27, 2005, Harding filed a motion entitled "Motion For Reduction of Sentence Based on the Amendment of the Supreme Court in *Booker*, Which Modified the Federal Sentencing Guidelines Nunc Pro Tunc to Their November 1, 1987 Effective Date." (Doc. 113). He filed a second motion on June 23, 2008 (Doc. 115) entitled "Motion to Modify Sentence Under 28 U.S.C. § 1661(a) in Accordance to 21 U.S.C. § 852." These motions were dismissed without prejudice as being unauthorized successive § 2255 petitions. On October 18, 2010, Harding filed a motion requesting the court to re-sentence him pursuant to 18 U.S.C. 3582(c), relying on Amendment 709 of the Sentencing Guidelines as the basis for arguing that his criminal history score should be reduced. (Doc. 117) The court denied that motion on November 4, 2010. (Doc. 118).

II.  Discussion

As the above section demonstrates, this is not Harding's first effort. He has been a frequent filer. In his current foray, he argues that the court lacked jurisdiction to impose an enhanced sentence for the violation of 21 U.S.C. § 841(a)(1) because the

Government did not serve him with the sentence enhancement notice. This is a ground that either was or should have been raised in his original appeal and /or one of his various other motions. Regardless of how Harding titles his motion, it is an application that falls within the structure and requirements of 28 U.S.C. § 2255. This Court has repeatedly explained to Harding that before he can file a second or successive § 2255 application in the district court, he must move in the appropriate court of appeals for an order authorizing this Court to consider the application. *See* 28 U.S.C. § 2255(h). Harding did not obtain an order from the United States Court of Appeals for the Eleventh Circuit before filing this motion. Accordingly, this Court is precluded from considering the successive § 2255 motion without an authorizing order from the Eleventh Circuit Court of Appeals.

III.   Conclusion

Harding's Motion styled as " Motion to Vacate the 21 U.S.C.S. § 851 Sentence Enhancement Nunc Pro Tunc" (doc. 119) is DENIED. To the extent this ruling implicates the necessity to issue or deny a certificate of appealability,[2] one will not be

---

[2] Rule 11(a) of the Rules Governing 2255 Proceedings requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. This Court may issue a certificate of appealability " only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a " petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or

issued.

Done this 4th day of November 2015.

_L. Scott Coogler_
United States District Judge
[160704]

---

that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.